SERAFÍN FLORES, Plaintiff and Appellant, *v.* ANTONIO SILVA, Defendant and Appellee.

No. 8411. Argued April 28, 1942.—Decided May 6, 1942.

364

*Miranda & Miranda Estcve* for appellant. *Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On July 1, 1931, the plaintiff, Serafín Flores, lent to the defendant, Antonio Silva, the sum of $3,119.36 with interest thereon at the rate of 9 per cent per annum, the defendant binding himself to repay said sum to the plaintiff on demand; but, as the defendant defaulted in such payment, the plaintiff brought an action to recover the principal sum and interest thereon from 1936 to 1940, or the total sum of $4,242.32. In order to secure any judgment that might be rendered, the District Court of San Juan decreed an attachment on property belonging to the defendant, which attachment was levied on the following property:

"A.—A rural estate located in the ward (*barrio*) of Pueblo Viejo, Guaynabo, measuring 817.56 sq. m., on which there is built a one-story dwelling house with a servant room and a garage.

"B.—A Pontiac automobile, license plate No. 9837.

"C.—A cow with its calf.

"D.—An electric refrigerator."

The defendant then requested the exemption from attachment of the above properties and alleged that they belonged to the conjugal partnership established with his wife Ana Santiago ever since January 21, 1933, as the properties had been acquired subsequent to that date; and, further, that the debt sought to be recovered in the action was contracted by the defendant prior to his marriage to Ana Santiago and, consequently, the conjugal partnership could not be liable for the payment of the obligation in question until compliance was had with the statutory requisites.

After hearing the parties and weighing the evidence introduced, the lower court made an order sustaining the motion of the defendant as to the rural property and the calf, and dissolved the attachment thereon. It is from that order that the plaintiff has taken the present appeal, in which he urges that the lower court erred in sustaining the motion for exemption from attachment filed on behalf of the conjugal partnership; in holding that interest on separate debts of the husband prior to the marriage and accrued during said marriage are not chargeable against said partnership; and in denying the motion for reconsideration.

 As to the first assignment of error, it would be sufficient to say, in justification of our refusal to consider the same, that the question is raised for the first time in this appeal without having given an opportunity to the lower court to pass thereon. See, however, the case of *Santini Fertilizer Co.* v. *Flores,* 43 P.R.R. 457, 461, wherein it was held that: ''Appellant's contention that the title to attached property can be determined only in an independent action brought for that purpose is without merit.''

██ The second and third assignments of error may be disposed of together because one follows from the other.

The lower court, after stating the facts alleged in the complaint, and after declaring that the evidence introduced showed that the defendant had contracted marriage on January 21, 1933, that the attached property was purchased by him on July 5, 1940, and that there was no evidence as to the date when the automobile, the refrigerator, and the cow were bought, reasoned its order as follows:

''Section 1310 of our Civil Code provides that the payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the conjugal partnership, and §1308 prescribes that the conjugal partnership shall be liable for all the debts and obligations contracted during the marriage, without including therein accrued interest upon personal obligations contracted by the husband or the wife prior to their marriage although it includes interest upon obligations which affect the separate property of the spouses.

"What benefit could be derived by the conjugal partnership from the payment of accrued interest upon a personal obligation contracted by either of the spouses prior to their marriage? None whatever, inasmuch as the partnership is neither prejudiced nor benefited by said obligation. Such is not the case where the interest to be paid arises from obligations affecting the separate property of the spouses, since the income derived from said property is community property and the loss thereof by failure to pay any interest to which the same might be subjected would be income lost to said partnership. If the conjugal partnership is benefited by the income from said property, it is most logical and natural that said partnership should pay interest on obligations which affect the same."

In passing upon the motion for reconsideration, the court elaborated on its conclusions as follows:

"It is unquestionable that the $3,119.36 received by the plaintiff on July 1, 1931, or a year and a half prior to his marriage, is personal property; but this does not mean that the conjugal partnership is liable for the payment of interest upon a principal sum by which the same is not and has not been benefited. *What evidence is there that such property was brought into the conjugal partnership?*

"Commenting on subdivision 2 of §1408 of the Spanish Civil Code similar to §1308 of our Civil Code, the text writers Martínez Ruiz and Maura, on page 155, volume 9 of their *'Comentarios,'* say:

" 'Such is not the case with the provisions of paragraph 2 of the section in question, whose language has given rise to doubt, and commentators are not lacking who maintain that the word arrears, with which said paragraph begins, has been erroneously used because they refuse to accept that the same can have any reference to arrears of interest, when precisely the interest involved is that accrued during the marriage upon obligations which may affect the separate property of each spouse as well as the community property. *The interest on such obligations accrued during the marriage are charges against the conjugal partnership, because the properties were brought into the conjugal partnership with such liens thereon and they should be paid by the party who receives the fruits, as a charge to be deducted therefrom.* As to arrears of interest, since the code can not refer to those which existed prior to the contributions, not only because the provision refers to interest accrued during the marriage but also because §1410 exempts the

conjugal partnership from the payment of debts incurred by the husband or by the wife prior to the marriage. . .' (Italics ours.)

"If the community property is liable for the payment of interest on obligations which affect the separate property of the spouses it is because said partnership is entitled to all profits derived from such property." (Italics ours.)

As the plaintiff has failed to show that the loan made by him to the defendant a year and a half prior to his marriage was in any way brought into the community, it is our opinion that the lower court properly construed and applied §1308 of the Civil Code, which provides as follows:

"Section 1308. The conjugal partnership shall be liable for:

"1. All the debts and obligations contracted during the marriage by the husband, and also for those contracted by the wife in the cases in which she can legally bind the partnership.

"2. The arrears or interest, matured during the marriage, *of obligations which affect the private property of the spouses as well as the partnership property.*

"3. The minor repairs or of mere preservation, made during the marriage, to the private property of the husband or the wife. Extensive repairs shall not be chargeable to the partnership.

"4. Extensive or minor repairs to the property of the partnership.

"5. The support of the family and the education of the children in common, and of the legitimate children of one of the spouses only." (Italics ours.)

The contention of the appellant to the effect that any amount of money obtained in any way by an unmarried person must be *presumed* to have been brought into the community as separate property, irrespective of whether said property was acquired one, five, or more years prior to the marriage, is untenable. Property acquired during the marriage is presumed to be community property, §1307 of the Civil Code; there is not, however, any provision in said code to establish the presumption claimed by the plaintiff and, if this be so, how can it be presumed that an estate with a house thereon acquired in 1940, that is, seven years after

the defendant married, was acquired with the money lent by the plaintiff to the defendant eighteen months before his marriage?

If it were shown that the defendant brought into the marriage the money borrowed from the plaintiff, then the conjugal partnership would be liable for the interest thereon, for it would have derived some benefit from the principal sum. In the absence of such evidence, it is very clearly provided by §1310 of the Civil Code that—

"Section 1310. The payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the partnership.

"Neither shall it bear the payment of fines or of pecuniary condemnations which may be imposed on either of them.

"However, the payment of debts contracted by the husband or by the wife, prior to the marriage, and that of fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses, mentioned in section 1308, if the debtor spouse should have no private capital, or were it insufficient; but at the time of the liquidation of the partnership the payments, made for the specified causes, shall be charged to said spouse."

So that, according to the third paragraph of §1310, the community property is only liable for obligations contracted by the spouses prior to their marriage after the expenses mentioned in §1308 have been covered, if the debtor spouse should have no separate property or if it is insufficient. Construing that provision, which formed §1325 of the 1902 Civil Code, it was held in *Hernández* v. *Registrar*, 19 P.R.R. 260, 262, that community property can not be attached for the payment of obligations of one of the spouses contracted prior to the marriage, and it was said:

"However, we do agree with the registrar that the property of the conjugal society cannot be made subject to the private debts of one of the spouses arising independently and outside of the matrimonial relation until either the marriage is dissolved by death or otherwise, or until by a proper proceeding in court such property

is segregated or made subject to the individual debt as indicated and required by section 1325 of the Civil Code. Such a segregation or subjection cannot be ordered until, as determined in section 1325, it has been shown that the individual spouse has no private property available, and also that the claims against the ganancial property do not exhaust the same."

The appeal must be overruled and the order appealed from affirmed.